# EXHIBIT 1

E-FILED | 3/4/2026 12:37 PM
CC-50-2026-C-21
Wayne County Circuit Clerk
Regina Thompson

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

TREVOR MCKERNAN,
on behalf of himself
and all others similarly situated,
PLAINTIFF

v.                                                          CIVIL ACTION NO.

NEWREZ, LLC
d/b/a SHELLPOINT MORTGAGE
SERVICING,
DEFENDANT

## CLASS ACTION COMPLAINT

1.      This complaint is an action to recover damages and illegal profits to prevent Defendant from benefitting from its violations of law. Plaintiff brings individual claims arising from his individual damages, as well as to reinstate the loan and prevent the needless foreclosure of the home.

2.      This action is also brought on behalf of a class of consumers as to whom Defendant has assessed additional, illegal, uncontracted-for fees in violation of the controlling contract. These include fees assessed to Plaintiff and the putative class for occupancy inspections that were not required under Fannie Mae guidelines due to the fact that the borrowers were in recent contact and/or had paid a full payment before the assessment of the fee.  In assessing these extraneous fees, Defendant profits by leveraging its position of power over homeowners. Borrowers struggle enough to make their regular mortgage payments without getting charged extra, illegal fees for occupancy inspections that are not required by the contract or permitted under industry standards.

1

3.     In addition, Defendant sent Plaintiff and class members debt collection communications referencing the assessment of attorney's fees, in further violation of West Virginia law and in breach of the parties' contracts.

## PARTIES

4.     Plaintiff, Trevor McKernan, is a resident of Wayne County, West Virginia.

5.     <u>Defendant Servicer:</u>  Newrez, LLC, d/b/a Shellpoint Mortgage Servicing (herein "Shellpoint") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

### Factual Background

### *Facts as to Plaintiff's Individual Claims*

6.      Plaintiff Trevor McKernan entered into a loan agreement in July 2012 for $243,750 repayable over 30 years with a maturity date of August 1, 2042.

7.     The servicing rights for Plaintiff's mortgage were subsequently transferred. Defendant Shellpoint currently holds servicing rights for the mortgage.

8.     Plaintiff experienced financial hardship and entered into a loan modification in August 2022.

9.     Plaintiff continued to work on paying the loan but experienced an additional hardship.

10.     The modification did not alter any other provision of the Note and Deed of Trust, except as specifically laid out in the modification agreement.

11.     Importantly, the modification clearly stated, "[a]ll covenants, agreements, stipulations and conditions contained in your Note and Mortgage will remain in full force and effect, except as herein modified…"

12.　　During the loan modification period, Plaintiff made a full payment on January 31, 2022, of $1,555.15.

13.　　Despite receiving a full payment, Defendant assessed an occupancy inspection fee on February 9, 2022 – a mere nine (9) days later.

14.　　Plaintiff made another full payment on July 5, 2022, of $1,555.15.

15.　　Defendant assessed an occupancy inspection fee on July 6, 2022 – the next day.

16.　　The Deed of Trust incorporates "Applicable Law" in addition to state and federal law.  DoT ¶ 16.

17.　　Applicable Law is defined as "all controlling applicable federal, state, and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."  DoT ¶ (I).

18.　　Pursuant to the Deed of Trust, Lenders are permitted on certain occasions to assess occupancy inspection fees.  DoT ¶ 14.

19.　　When a borrower has abandoned the property, the lender "may do and pay for whatever is reasonable or appropriate to protect Lender's interest."  DoT ¶ 9.

20.　　Industry standards limit the frequency with which loan servicers may charge a consumer for an occupancy inspection to those inspections that are reasonably required.

21.　　For example, a lender must determine whether a property is occupied pursuant to 24 C.F.R. § 203.377, which requires that "[w]hen a mortgage is in default and a payment thereon is not received within 45 days of the due date, and efforts to reach the mortgagor by telephone within that period have been unsuccessful, the mortgagee shall be responsible for a visual inspection of the security property to determine whether the property is vacant."

22.    The HUD Handbook sets the standard that occupancy inspections only occur "[i]f the Mortgagee is unable to reach the Borrower(s) by the 45th Day of delinquency." Handbook 4000.1(III)(A)(2)(ix)(B), FHA Single Family Housing Policy Handbook, p. 1196.

23.    The Fannie Mae servicing guide prohibits servicers from completing an occupancy inspection every calendar month when the mortgage loan is 90 or more days delinquent if the property is borrower/tenant occupied, and one of the following has occurred: …a full payment has been received within the last 30 days."

24.    Shellpoint charged the Plaintiff for property inspection fees that are not authorized by statute and are not permitted by the Note at least until acceleration occurs.

25.    West Virginia Code § 46A-2-127 prohibits the use of "any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers."

26.    Among the examples of conduct deemed to violate section 2-127 is "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation." W.Va. Code § 46A-2-127(g).

27.    West Virginia Code § 46A-2-128(c) prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered."

28.    West Virginia Code § 46A-2-128(d) prohibits "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute."

4

29.     No West Virginia statute expressly authorizes Defendant to collect property inspection fees.

30.     For certain loans, the WVCCPA specifies other permissible types of charges as a result of default in W.Va. Code § 46A-2-115(b)(2), including costs of publication, appraisal fees, title examination fees, notice and mailing fees, and certain trustee expenses.

31.     However, loan servicers are restricted from assessing these specified charges unless the parameters set forth in W.Va. Code § 46A-2-115(b)(3) exist.

32.     W.Va. Code § 46A-2-115(b) does not authorize property inspection fees or default-related fees generally. Even if property inspection fees were authorized, which they are not, the parameters of 2-115(b)(3)(C)&(D) have not been met. Accordingly, there is no statutory authorization to charge these fees.

33.     Plaintiff believes that W.Va. Code § 46A-2-115(a) should be correctly interpreted as a limitation on what fees can be charged and not an independent source of statutory authority.

34.     Nonetheless, non-binding decisions from West Virginia trial-level courts have indicated that property inspection fees may be charged in certain circumstances under W.Va. Code § 46A-2-115(a), assuming the fees are both reasonable and incurred in realizing on a security instrument.

35.     Property inspection fees assessed by Shellpoint were not reasonable for one or more of the following reasons:  Shellpoint failed to follow agencies guidelines and/or industry standards in assessing fees, including assessing fees when the property was known to be occupied and a qualified right party contact had been established, assessing fees shortly after receiving payments, and/or assessing fees for unnecessary inspections obtained more frequently than permitted.

36. Upon information and belief, one or more of the inspection fees charged to the Plaintiff was the product of an inspection that was not required, performed and properly documented in violation of Fannie Mae guidelines. These are not reasonable practices.

37. Shellpoint documented that QRPC had been established for Plaintiff's loan and that the property was occupied throughout the time it serviced the loan.

38. Shellpoint documented payments made throughout the time it serviced the loan.

39. One or more of the inspection fees were charged at a time when Shellpoint documented that QRPC had been established and/or a recent payment had been paid. Plaintiff was still in occupancy at all relevant times; therefore, Shellpoint violated Fannie Mae guidelines and industry standards. These charges are unreasonable (and contrary to the Note and Deed of Trust).

40. After assessing unlawful default fees to the Plaintiff and putative class, Shellpoint continued to violate the WVCCPA by attempting to collect such fees through various statements, collection letters, and other methods.

41. As a direct and proximate result of the wrongful conduct of the Defendant, the Plaintiff and class members incurred unlawful fees and/or threats of unlawful fees and have suffered economic and non-economic damages, including annoyance, aggravation, and inconvenience.

42. Plaintiff complied with the pre-suit notice and cure requirements under W.V. Code 46A-5-108 before filing this complaint.

### *Facts as to Attorney Costs*

43. In September 2025, Shellpoint provided a payoff quote to Plaintiff.

44.     The payoff quote provided to the Plaintiff lists $350 in fees, which includes "Attorney Cost."

45.     The Deed of Trust voids any provision in the parties' contract that would allow Shellpoint to collect attorneys' fees.

46.     W. Va. Code § 46A-2-128(d) prohibits attempting to collect attorney's fees or Attorney Cost because such fees are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation.

47.     No West Virginia statute expressly authorizes Defendant to collect property attorney fees or "Attorney Costs" as represented.

48.     W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

49.     W. Va. Code § 46A-2-128(c) prohibits "The collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered…"

50.     Shellpoint represented that attorney fees had been added to the Plaintiff's account.

51.     Attorney fees were specifically voided by the parties' contract.

52.     Upon information and belief, through the use of standard procedures, Shellpoint assesses attorney fees or Attorney Costs to its customers' loans.

53.     Plaintiff and class members have suffered damage, including annoyance and inconvenience.

### *W. Va. R.C.P. 23 Class Allegations*

7

54.     This action is also filed as a class action. Plaintiff, serving as class representative, tentatively define **Subclass A, the Unreasonable Occupancy Inspection Fee Class,** as follows: All borrowers with West Virginia addresses who, within the last four years and forty-five days were assessed an occupancy inspection fee while both occupying the secured collateral property and within thirty days of either making a full loan payment or making contact with the loan servicer.

55.     Plaintiff, serving as class representative, tentatively defines **Subclass B, the Attorney's Fee Class**, as follows: all West Virginia borrowers who received communications from Defendant referencing the assessment of attorney's costs and/or attorney fees within four years and forty-five days prior to filing of this Complaint.

56.     Plaintiff reserves the right to refine the class definitions in light of discovery and additional investigation.

57.     The putative class is so numerous that joinder of all members is impractical.

58.     There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members.

59.     The principal common issues involve whether Defendant's conduct regarding the aforementioned communications constitutes a violation of the debt collection practices provisions of the WVCCPA.

60.     One or more of the Plaintiff's claims are typical of those of the putative class, and said claims are based on the same legal and factual theories.

61.     Plaintiff will fairly and adequately protect the interests of the class. They have suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendant's illegal and

fraudulent conduct and wishes to see that wrong remedied. To that end, Plaintiff have retained counsel experienced in claims involving unfair business practices.

62.     Neither the Plaintiff nor his counsel has any interest that might prevent them from vigorously pursuing these claims.

63.     A class action is a superior method for the fair and efficient adjudication of these particular claims and controversy.

64.     The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small, given the fact that they are unlikely to be aware of their legal rights, and the amount of statutory or actual damages in an individual action is relatively small.

65.     The management of the class claims is likely to present significantly fewer difficulties than those presented in many larger and more complex class actions.

66.     As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual damages in form of illegal fee assessments and/or statutory damages.


## CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS

## COUNT I


## VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT

## AND PROTECTION ACT

67.     Plaintiff incorporates the preceding paragraphs by reference.

68.     The Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

69.     The Defendant is a debt collector as defined by West Virginia Code §46A-2-122(d), engaging directly or indirectly in debt collection as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Cabell County, West Virginia.

70.     The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

   a.  using unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code §46A-2-128;

   b.  collecting or attempting to collect collection fees or charges, in violation of West Virginia Code §46A-2-128(c);

   c.  collecting or attempting to collect unreasonable occupancy inspection fees and attorney's fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

   d.  utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiff's mortgage loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of West Virginia Code §46A-2-127;

   e.  representing that an existing obligation of the consumer may be increased by the addition of unreasonable occupancy inspection fees, attorney's fees and other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

10

    f.    falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

    g.    threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f).

71. As a result of the Defendant's actions, Plaintiff and each member of the putative class have suffered actual and/or statutory damages.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant and for the Plaintiffs and the Class for the Class Claim for the following:

1. An injunction prohibiting Defendant from initiating foreclosure proceedings on any accounts in West Virginia where the loans were serviced in the manner described above;

2. Actual and compensatory damages for the Plaintiff and class members' general and special damages set forth above;

3. Statutory damages for Plaintiff and class members adjusted for inflation, provided for in the West Virginia Consumer Credit and Protection Act;

4. An award of interest, costs, and attorney fees for Plaintiff and class members; and

5. Such other relief as the Court deems equitable and just for Plaintiff and class members.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                   **TREVOR MCKERNAN,**
                                   BY COUNSEL

                                   /s/ Benjamin M. Sheridan

11

Benjamin M. Sheridan (# 11296)
Jed Nolan (#10833)
Counsel for Plaintiffs
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
ben@kleinsheridan.com
jed@kleinsheridan.com


Jason E. Causey (Bar # 9482)
Katz, Kantor, Stonestreet & Buckner, PLLC
206 S Walker Street
Princeton, WV 24740
(304) 431-4050
jcausey@kksblaw.com

12

# EXHIBIT 1(a)

E-FILED | 3/4/2026 12:37 PM
CC-50-2026-C-21
Wayne County Circuit Clerk
Regina Thompson

# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF WAYNE COUNTY WEST VIRGINIA

**Trevor McKernan v. Newrez LLC**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other          ☐ Government  ☐ Other

**Judge:**     Jason Fry

## COMPLAINT INFORMATION

**Case Type:** Civil                **Complaint Type:** Other

**Origin:**     ☑ Initial Filing     ☐ Appeal from Municipal Court     ☐ Appeal from Magistrate Court

**Jury Trial Requested:**     ☑ Yes  ☐ No     **Case will be ready for trial by:** _____

**Mediation Requested:**      ☐ Yes  ☑ No

**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:    Benjamin Sheridan, 3566 Teays Valley Rd , Hurricane, WV 25526

## SERVED PARTIES

**Name:**       Newrez LLC

**Address:**    CORPORATION SERVICE COMPANY 808 GREENBRIER STREET, CHARLESTON WV 25311

**Days to Answer:** 30            **Type of Service:** Secretary of State - Certified - Including Copy Fee

# EXHIBIT 1(b)

# SUMMONS

E-FILED | 3/4/2026 12:37 PM
CC-50-2026-C-21
Wayne County Circuit Clerk
Regina Thompson

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA
**Trevor McKernan v. Newrez LLC**

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Newrez LLC, CORPORATION SERVICE COMPANY, 808 GREENBRIER STREET, CHARLESTON, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/4/2026 12:37:16 PM

Date

/s/ Regina Thompson

Clerk

RETURN ON SERVICE:

☐   Return receipt of certified mail received in this office on

☐   I certify that I personally delivered a copy of the Summons and Complaint t

☐   I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to

, someone who is eighteen (18) years of age or above and resides there.

☐   I certify that I personally delivered a copy of the Summons and Complaint to _____, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐   I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐   I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐   Not Found in Bailiwick

Date

Server's Signature

# SUMMONS

E-FILED | 3/4/2026 12:37 PM
CC-50-2026-C-21
Wayne County Circuit Clerk
Regina Thompson

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA
### Trevor McKernan v. Newrez LLC

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Newrez LLC, CORPORATION SERVICE COMPANY, 808 GREENBRIER STREET, CHARLESTON, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/4/2026 12:37:16 PM                    /s/ Regina Thompson
_____                 _____
         Date                                   Clerk

RETURN ON SERVICE:

☐   Return receipt of certified mail received in this office on _____

☐   I certify that I personally delivered a copy of the Summons and Complaint t _____

_____

☐   I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to

_____ , someone who is eighteen (18) years of age or above and resides there.

☐   I certify that I personally delivered a copy of the Summons and Complaint to _____ , an agent or attorney-

in-fact authorized by appointment or statute to receive service of process for the individual.

☐   I have reviewed documentation authorizing the above-named person to accept service on

behalf of the individual named on the summons.

☐   I have not reviewed documentation authorizing the above-named person to accept service

on behalf of the individual named on the summons.

☐  Not Found in Bailiwick

_____                 _____
         Date                              Server's Signature

# SUMMONS

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA
### Trevor McKernan v. Newrez LLC

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Newrez LLC, CORPORATION SERVICE COMPANY, 808 GREENBRIER STREET, CHARLESTON, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Benjamin Sheridan, 3566 Teays Valley Rd, , Hurricane, WV 25526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/4/2026 12:37:16 PM

Date

/s/ Regina Thompson

Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint t _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ , an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

Date

Server's Signature

# EXHIBIT 1(c)

FILED 3/13/2026 12:51 PM
CC-50-2026-C-21
Wayne County Circuit Clerk
Regina Thompson

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Kris Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

REGINA K THOMPSON
WAYNE COUNTY CIRCUIT CLERK
PO BOX 38
Wayne, WV 25570-0038

**Control Number:** 355708

**Defendant:** NEWREZ LLC
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company

**County:** Wayne

**Civil Action:** CC-50-2026-C-21

**Certified Number:** 92148901125134100004790436

**Service Date:** 3/6/2026

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

Kris Warner
Secretary of State

# Case Docket Entries

CC-50-2026-C-21

| Court: | **Circuit** | County: | **50 - Wayne** | Created Date: | **3/4/2026** | Security Level: | **Public** |
|---|---|---|---|---|---|---|---|
| Judge: | **Jason Fry** | Case Type: | **Civil** | Case Sub-Type: | **Other** | Status: | **Open** |

Related Cases:

Style:    **Trevor McKernan v. Newrez LLC**

---

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 3/4/2026 12:37:22 PM | E-Filed | | Complaint |
| | 1-1  3/4/2026 | Civil Case Information Statement | | |
| | 1-2  3/4/2026 | Complaint - Class Action Complaint | | |
| | 1-3  3/4/2026 | Transmittal | | |
| | 1-4  3/4/2026 | Summons - SEND TO WVSOS FOR SERVICE//SRS | | |
| 2 | 3/4/2026 12:37:22 PM | Judge Assigned | J-50004 | Jason Fry |
| 3 | 3/4/2026 12:37:22 PM | Party Added | P-001 | Trevor McKernan |
| 4 | 3/4/2026 12:37:22 PM | Party Added | D-001 | Newrez LLC |
| 5 | 3/4/2026 12:37:22 PM | Attorney Listed | P-001 | A-11296 - Benjamin Matthew Sheridan |
| 6 | 3/4/2026 12:37:22 PM | Service Requested | D-001 | Secretary of State - Certified - Including Copy Fee |
| 7 | 3/5/2026 3:04:20 PM | E-Filed | | Notice of Appearance - Notice of Appearance |
| | 7-1  3/5/2026 | Notice of Appearance - Notice of Appearance - Jason E. Causey | | |
| | 7-2  3/5/2026 | Transmittal | | |
| 8 | 3/5/2026 3:04:20 PM | Attorney Listed | P-001 | A-9482 - Jason E Causey |
| 9 | 3/5/2026 3:06:32 PM | E-Filed | | Notice of Appearance - Notice of Appearance |
| | 9-1  3/5/2026 | Notice of Appearance - Notice of Appearance | | |
| | 9-2  3/5/2026 | Transmittal | | |
| 10 | 3/6/2026 1:45:14 PM | E-Filed | | Notice of Appearance - Notice of Appearance |
| | 10-1  3/6/2026 | Notice of Appearance - Notice of Appearance | | |
| | 10-2  3/6/2026 | Transmittal | | |
| 11 | 3/6/2026 1:45:14 PM | Attorney Listed | P-001 | A-12592 - Megan Alicia Patrick |
| 12 | 3/6/2026 1:47:18 PM | E-Filed | | Supporting Documents - Notice of Lis Pendens |
| | 12-1  3/6/2026 | Supporting Document - Notice of Lis Pendens | | |
| | 12-2  3/6/2026 | Transmittal | | |
| 13 | 3/6/2026 1:50:28 PM | E-Filed | | Notice of Appearance - Notice of Appearance |
| | 13-1  3/6/2026 | Notice of Appearance - Notice of Appearance | | |
| | 13-2  3/6/2026 | Transmittal | | |
| 14 | 3/6/2026 1:50:28 PM | Attorney Listed | P-001 | A-10833 - Jed Robert Nolan |
| 15 | 3/13/2026 12:31:54 PM | E-Docketed | | Supporting Documents - ACCEPTED FOR SERVICE BY THE WVSOS, TO SERVE NEWREZ LLC |
| | 15-1  3/13/2026 | Supporting Document - ACCEPTED FOR SERVICE BY THE WVSOS, TO SERVE NEWREZ LLC | | |
| | 15-2  3/13/2026 | Transmittal | | |
| 16 | 3/20/2026 1:52:27 PM | E-Docketed | | Service Return - SERVICE RETURN FROM SOS FOR NEWREZ DELIVERED ON 03-11-26 SIGNED BY NOT LEGIBLE |
| | 16-1  3/20/2026 | Service Return - SERVICE RETURN FROM SOS FOR NEWREZ DELIVERED ON 03-11-26 SIGNED BY NOT LEGIBLE | | |
| | 16-2  3/20/2026 | Transmittal | | |

---